# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

BENJAMIN O. MIRANDA,
          Appellant,

      v.

DEPARTMENT OF THE NAVY,
          Agency.

DOCKET NUMBER
SF-3443-15-0508-I-1

DATE: November 10, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[*]

Benjamin O. Miranda, Olongapo City, Philippines, pro se.

Teesha R. Huggins, FPO, AP, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed this appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the

---

[*] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

### DISCUSSION OF ARGUMENTS ON REVIEW

¶2 The appellant claims that he was employed by the agency as a Welder at the U.S. Naval Base in Olongapo City, Philippines, from 1965 to 1976. Initial Appeal File (IAF), Tab 1 at 3. On April 15, 2015, the appellant filed a Board appeal claiming that he suffers from asbestosis due to asbestos exposure while employed by the agency and seeking compensation for his illness. *Id*. The administrative judge issued a close-of-record order outlining the relevant law on jurisdiction, and the agency moved to dismiss the appeal for lack of jurisdiction. IAF, Tab 4, Tab 6 at 7. After the appellant failed to respond to either the order on jurisdiction or the agency's motion, the administrative judge dismissed the appeal for lack of jurisdiction. IAF, Tab 7, Initial Decision (ID).

¶3 The appellant has filed a petition for review reiterating his claim that he was injured on the job. Petition for Review (PFR) File, Tab 1. The agency has not filed a response.

¶4 The Board's jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule, or regulation. *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985). Thus, it follows that the Board does not have jurisdiction over all matters alleged to be unfair or incorrect.

*Johnson v. U.S. Postal Service*, 67 M.S.P.R. 573, 577 (1995). The appellant has the burden of proving by preponderant evidence that his appeal is within the Board's jurisdiction. 5 C.F.R. § 1201.56(b)(2)(i)(A).

¶5 The only way for a former Federal employee to obtain compensation for a workplace injury is to file a claim under the Federal Employees' Compensation Act (FECA). *See* 5 U.S.C. § 8102; 20 C.F.R. §§ 10.1, §10.100(a), §10.200(a). As the administrative judge correctly explained, the Office of Workers' Compensation Programs has exclusive jurisdiction over claims arising under FECA. *See, e.g.*, *Allen v. Department of Veterans Affairs*, 112 M.S.P.R. 659, ¶ 20 (2009), *aff'd*, 420 F. App'x 980 (Fed. Cir. 2011); *Miller v. U.S. Postal Service*, 26 M.S.P.R. 210, 213 (1985). The appellant has not submitted any evidence or argument that would bring his appeal within the Board's jurisdiction. Thus, we affirm the initial decision.

### NOTICE TO THE APPELLANT REGARDING
### YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the United States Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                          _____
                                        William D. Spencer
                                        Clerk of the Board

Washington, D.C.